## NATHANIEL WOLFE *vs.* BENJAMIN WHITEMAN.

On a note payable on or after sight, the act of limitation does not begin to run until a demand is made.

A presentment with a request of payment, or a new note, is a good demand.

This was an action of assumpsit on a promissory note, dated August 29th, 1837, payable thirty days *after sight.* The defence was the act of limitation, and set off of a book account, beginning in 1825, and ending in 1830; to which the plaintiff replied the act of limitation. The plaintiff proved the execution of the note and a presentment, about August 20th, 1843, for payment or a new note, with a view to prevent the running of the act.

*Mr. Wales,* for defendant, contended that this was not a lawful presentment, the demand being in the alternative; that such presentment avowedly for the purpose of saving the bar of the statute, *implied* a previous presentment at or about the date of the note, as the danger of such bar could only exist on such supposition; and if the jury believed there had been such previous demand, at so early a date, the note was now barred.

*Mr. Gray,* for plaintiff, replied that this note being payable thirty days *after sight,* the cause of action did not occur, and the statute could not begin to run until a demand; that there was no evidence of a presentment previous to August, 1843; and that the demand for payment, *or* a new note, was a lawful presentment: of which opinion was the court; and the matters of discount being clearly barred by the statute, the plaintiff had a verdict for the amount of the note with interest from the time of presentment. (*Chitty on Cont.* 311; 2 *Taunt.* 323.)

*Gray,* for plaintiff.

*Wales,* for defendant.